UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE LARA,<br><br>    Petitioner,<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA et al.,<br><br>    Respondents. | NO. CV 22-1484-DOC (AGR)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED |

On August 18, 2022, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, challenging his sentence. (Dkt. No. 1 at 1-2.)[1] From the face of the Petition, it appears that the Petition is untimely and fails to state a cognizable claim for relief. As such, absent further explanation from Petitioner, the Petition is subject to dismissal.

**I.**

**PROCEDURAL HISTORY**

Petitioner pleaded guilty to one count of voluntary manslaughter (Cal. Penal

---

[1] Page citations are to the page numbers generated by the CM/ECF system in the header of the document.

Code § 192(a)) and admitted to a violent felony gang enhancement and personal use of a firearm (Cal. Penal Code §§ 186.22(b)(1), 12022.5(a)). (Petition at 2; 24.) On March 20, 2018, he was sentenced to an aggregate term of 31 years in state prison. (Petition at 3, 12.) Petitioner did not pursue direct appeal.[2]

    Petitioner collaterally challenged his conviction and sentence at all levels of California state courts. Petitioner filed a habeas petition in the Riverside County Superior Court on December 14, 2020, which the court denied in a December 29, 2020 written order. (*Id*. at 23-24.) Petitioner filed another habeas petition in the Riverside County Superior Court on March 17, 2021, which the court denied in a March 18, 2021 written order. (*Id*. at 20-21.)

    According to the California appellate court website[3], Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on April 12, 2021. The court summarily denied the petition on May 26, 2021 (Case No. E076875). (Petition at 28.) On June 18, 2021, Petitioner filed a petition for writ of mandate or prohibition in the California Court of Appeal. The court summarily denied that petition on July 23, 2021 (Case No. E077264). (Petition at 27.)

    On August 9, 2021, Petitioner filed a habeas petition in the California Supreme Court that was summarily denied on November 10, 2021 (Case No. S270323). Petitioner also filed a writ of mandate or prohibition in the California Supreme Court on August 20, 2021, which the court transferred to the California Court of Appeal for consideration in light of *Hagan v. Superior Court* (1962) 57

---

[2] Petitioner alleges in the Petition that he filed a petition for review, but he gives the case number (S270477) of a petition for writ of mandate filed in the California Supreme Court. (Dkt. No. 1 at 3; *see* https://appellatecases.courtinfo.ca.gov.) No petition for review was filed because Petitioner did not appeal his conviction or sentence to the California Court of Appeal. (*See id.*)

[3] *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting court may take judicial notice of state court docket).

2

Cal.2d 767 on February 10, 2022 (Case No. S270477).[4]  (Petition at 29.)

On February 16, 2022, Petitioner filed another state habeas petition in the California Court of Appeal which the court denied on April 13, 2022 (Case No. E078533).  On the same day, the California Court of Appeal also denied the writ of mandate or prohibition transferred from the California Supreme Court.  (Petition at 26.)

Finally, on May 2, 2022, the United States Supreme Court denied a petition for writ of certiorari.  (Petition at 30.)

Petitioner constructively filed the underlying Petition on August 19, 2022.  (Dkt. No. 1.)

## II.
## DISCUSSION

### A.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to this action, contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).  The statute of limitations applies to each claim on an individual basis.  *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

### 1.  The Date on Which Conviction Became Final

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review.

---

[4] The California Supreme Court noted that, "[i]n the event the Court of Appeal determines that this petition is substantially identical to a prior petition, the repetitious petition must be denied."  See https://appellatecases.courtinfo.ca.gov.

Petitioner was sentenced on March 20, 2018 and judgment was entered on March 22, 2018. (Petition at 12-13.) Petitioner did not pursue direct appeal. Thus, his conviction and sentence became final 60 days later, on May 21, 2018. *See People v. Mora*, 214 Cal. App. 4th 1477, 1482 (2013) (imposition of sentence is equated with entry of final judgment); *see also* California Rules of Court, rule 8.308(a). Petitioner could not petition for a writ of certiorari from the United States Supreme Court because he did not appeal his conviction and sentence to California Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (citing 28 U.S.C. §§ 1257 and Sup. Ct. R. 13). Thus, Petitioner's conviction became final on May 21, 2018, when his deadline to appeal his conviction and sentence expired. The AEDPA statute of limitations period expired one year later, on May 21, 2019.

Petitioner constructively filed this Petition on August 19, 2022, over three years later. (Dkt. No. 1.) Absent a showing that the accrual date was delayed or the limitations period was tolled, the Petition is untimely.

### 2. Delayed Accrual– § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

Petitioner has not argued that he is entitled to a later start date than the date his conviction and sentence became final, and no basis for a delayed accrual is apparent from the record.

### 3. Statutory Tolling

Generally, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the

4

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008). However, once the limitation period has expired, later-filed state habeas petitions do not toll the limitation period. See *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

All of Petitioner's state habeas petitions were filed well after the AEDPA limitation period expired. (*See* Section I., *supra*.) Accordingly, the Petition is untimely unless Petitioner can demonstrate that he is entitled to equitable tolling.

### 4. Equitable Tolling

A petitioner who files a federal habeas petition after the expiration of the one-year statute of limitations may be entitled to equitable tolling. See *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner must show that he was diligently pursuing his rights, but some extraordinary circumstance stood in his way and prevented timely filing. *Id*.; see *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (["E]quitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing.") "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Here, Petitioner has not presented any basis for equitably tolling the federal statute of limitations. The Petition remains untimely.

### B. Lack of Cognizable Claim

Petitioner's claims are premised on the purported violation of Cal. Penal Code § 1170.1(f) as interpreted by *People v. Rodriguez*, 47 Cal. 4th 501 (2009) and *People v. Le*, 205 Cal. App. 4th 739 (2012). Specifically, he challenges the imposition of sentencing enhancements for both personal use of a firearm and

committing a violent felony for the benefit of a street gang following his guilty plea and conviction for voluntary manslaughter.[5]

Federal habeas review is limited to deciding whether a judgment violates the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Generally, a claim involving only the application or interpretation of California law is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (citation omitted) (An error of state law alone "'is not a denial of due process.'"). To raise a cognizable claim based on a purported state sentencing error, Petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process . . . violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of whether prior conviction was serious felony within meaning of state statutes does not raise federal question). A habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

The Petition does not invoke any federal basis for his sentencing argument and does not show that any fundamental unfairness occurred based on the state court's application of its sentencing law. Whether the sentencing court properly interpreted section 1170.1(f) is solely a matter of state law and does not implicate a federal constitutional right. *See, e.g.*, *Miller*, 868 F.2d at 1118-19 (rejecting as noncognizable a federal habeas petitioner's claim challenging application of sentence enhancement); *Sturm v. California Adult Authority*, 395 F.2d 446, 448 (9th Cir. 1967) (observing that "a state court's interpretation of its [sentencing] statute does not raise a federal question"). Mere references to Fifth and Fourteenth Amendment do not federalize a state law issue. *See Langford*, 110

---

[5] Petitioner's ineffective assistance of counsel claim is premised on the purported sentencing error. (*See* Petition at 5-6.)

F.3d at 1389.

Finally, Petitioner's sentencing claim and associated ineffective assistance of counsel claim are based on contentions that were rejected at all levels of California courts. In rejecting the same arguments Petitioner asserts here, the Superior Court held that "[t]he gang enhancement is based on voluntary manslaughter being a 'violent felony' (667.5(c)(1)), not on [Petitioner's] use of a firearm." (Petition at 24.) This court is bound by the state court's interpretation of its laws. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("state court's interpretation of state law . . . binds a federal court sitting in habeas corpus").

Accordingly, the Petition does not appear to present a claim cognizable on federal habeas review.

## III.
## **ORDER**

Therefore, the court orders Petitioner to show cause, on or before **March 1, 2024**, why the court should not recommend dismissal of the Petition for Writ of Habeas Corpus with prejudice for the reasons set forth above. If Petitioner does not respond to this Order to Show Cause, the magistrate judge will recommend that the Court dismiss the Petition with prejudice.

DATED: February 1, 2024

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

7